# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN E. OLCIKAS, # B-11569, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01119-JPG |
| | ) |
| VANDALIA CORRECTIONAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently incarcerated at Vandalia Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He is serving a 4-year sentence for attempted burglary. Plaintiff now sues Vandalia Correctional Center (Vandalia), Victor Dozier[1] (Vandalia's warden), and Salvador Godinez[2] (Illinois Department of Corrections (IDOC) director) for denying him adequate medical treatment for herniated discs in his back and neck (Doc. 1, pp. 2-5). Plaintiff seeks spinal fusion surgery and monetary damages (Doc. 1, p. 6).

## The Complaint

According to the allegations in the complaint, Plaintiff was scheduled for spinal fusion surgery before his incarceration at Vandalia (Doc. 1, p. 4). When Plaintiff arrived at Vandalia on May 3, 2013, he informed Vandalia's healthcare unit (HCU) about the herniated discs in his back and neck. On May 7, 2013, Plaintiff met with one of Vandalia's doctors, who advised him that nothing would be done without first reviewing Plaintiff's medical records.

---

[1] Although the complaint names Victor Dozier as a defendant in this action, his name is not included in the case caption in CM/ECF.
[2] Although the complaint names Salvador Godinez as a defendant in this action, his name is not included in the case caption in CM/ECF.

Dr. Caldwell reviewed Plaintiff's medical records and called him back to the HCU on May 20, 2013 (Doc. 1, p. 4). Dr. Caldwell ordered x-rays and prescribed Neurontin and Naprosyn. After reviewing the x-rays, the doctor agreed that spinal fusion surgery was necessary. However, prior approval of the surgery was required.

On May 29, 2013, Plaintiff learned that his request for spinal fusion surgery was denied because Plaintiff's condition was not considered "life threatening" (Doc. 1, pp. 4-5). Plaintiff has since returned to Dr. Caldwell for treatment on numerous occasions. Each time, Plaintiff has been told the same thing.

Meanwhile, Plaintiff endures "severe pain every single day" that is both increasing in its severity and range. Plaintiff's pain now travels down his legs and causes headaches. In addition, he requires medication that "destroys [his] liver [and] kidneys." Plaintiff claims that his medical issues are being ignored. Plaintiff now brings this action pursuant to 42 U.S.C. § 1983, seeking back surgery and monetary damages against Defendants (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to

relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After fully considering the allegations, the Court finds it appropriate to summarily dismiss the complaint under § 1915A for failure to state a claim upon which relief can be granted.

**Discussion**

Plaintiff asserts a constitutional claim under 42 U.S.C. § 1983 against Defendants Vandalia, Godinez, and Dozier for failure to treat his back condition. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).

> Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The complaint appears to satisfy the objective prong of this analysis. The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The complaint alleges that Plaintiff has been diagnosed with herniated discs in his back and neck, and he needs spinal fusion surgery. These allegations meet the threshold requirement for a "serious" medical need. However, this is only half of the test.

The complaint must also satisfy the subjective component of an Eighth Amendment medical claim. To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to

instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653. This is where the complaint is fatally flawed.

Defendants Vandalia, Godinez, and Dozier are the only named defendants. However, aside from naming them in the caption, the complaint does not mention Defendants Vandalia, Godinez, and Dozier anywhere in the statement of claim. The complaint does not allege or even suggest that any of the defendants acted with deliberate indifference. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Having failed to mention the defendants in the statement of claim, the complaint certainly falls short of establishing any deliberate indifference on their part.

The complaint is flawed for other reasons as well. Claims against Defendant Godinez fail because he is not subject to suit as a "person" under § 1983. Defendant Godinez is the director of the IDOC, which is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state

5

Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Accordingly, Defendant Godinez shall be dismissed from this action with prejudice.

Likewise, Vandalia, which is a division of the IDOC, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. Accordingly, this defendant shall be dismissed with prejudice.

Plaintiff's claims against Defendant Dozier fare no better. There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The complaint does not contain any allegations to this effect.

Further, although the doctrine of *respondeat superior* is not applicable to Section 1983 actions; "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez*, 251 F.3d at 651. *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement). However, no policy or practice attributable to Defendant Dozier, or any other defendant, is alleged or intimated.

Absent any individual liability, a warden could still be liable in his official capacity, but only for purposes of securing injunctive relief. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th

Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement). Injunctive relief is not requested, and the Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). Consequently, the complaint fails to state an official capacity claim against Defendant Dozier. He shall be dismissed from this action without prejudice.

For these reasons, the complaint must be dismissed. However, dismissal shall be without prejudice and with leave to file an amended complaint consistent with this Order.

**Pending Motions**

Plaintiff has filed a motion for attorney representation (Doc. 5), which shall be held in **ABEYANCE** pending receipt of an amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice. Defendants **VANDALIA CORRECTIONAL CENTER** and **GODINEZ** are **DISMISSED** with prejudice, and Defendant **DOZIER** is dismissed without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support an Eighth Amendment medical claim and naming the individual Defendants directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (on or before December 27, 2013). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall

be dismissed. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 22, 2013**

*s/ J. Phil Gilbert*
**U.S. District Judge**