IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN E. OLCIKAS, # B-11569,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-01119-JPG |
| | ) |
| **R. CALDWELL, DR. L. SHICKER and** | ) |
| **ASSISTANT WARDEN CAMERON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Plaintiff's amended complaint (Doc. 12), which he filed pursuant to 42 U.S.C. § 1983. The amended complaint alleges that three Vandalia officials, including Defendants Caldwell (doctor), Shicker (doctor), and Cameron (assistant warden), denied Plaintiff necessary medical treatment for a back and neck injury (Doc. 12, pp. 5-6). Plaintiff now seeks medical treatment and monetary damages (Doc. 12, p. 6).

This Court dismissed Plaintiff's original complaint (Doc. 1) without prejudice in an Order dated November 22, 2013 (Doc. 11). Plaintiff was granted leave to file an amended complaint by December 27, 2013. He has done so in a timely manner.

Accordingly, this case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon careful

review of the amended complaint, the Court finds that Plaintiff has stated a colorable Eighth Amendment medical needs claim against Defendants Caldwell and Shicker and a claim for injunctive relief against Vandalia's warden, as explained in more detail below.

**Amended Complaint**

According to the amended complaint, Plaintiff suffers from a back and neck condition that requires spinal fusion surgery (Doc. 12, p. 5). Plaintiff advised Vandalia medical staff of this fact when he arrived at the institution on May 3, 2013. He was scheduled to see Defendant Caldwell on May 20, 2013.

On that date, Defendant Caldwell ordered x-rays and prescribed Plaintiff medications, including Neurontin and Naprosyn (Doc. 12, p. 5). After reviewing Plaintiff's x-rays, Defendant Caldwell agreed that Plaintiff needed spinal fusion surgery. However, Defendant Shicker's prior approval was required for the surgery.

On May 29, 2013, Defendant Caldwell reported that Defendant Shicker denied the request for surgery (Doc. 12, p. 5). According to Defendant Caldwell, Defendant Shicker did not consider the condition to be life-threatening. Therefore, the Illinois Department of Corrections ("IDOC") would not pay for the surgery.

Plaintiff has since returned to Defendant Caldwell seeking treatment for his back and neck on numerous occasions (Doc. 12, p. 5). Each time, Defendant Caldwell has denied his request for spinal fusion surgery, citing the same reason.

Meanwhile, Plaintiff endures pain on a daily basis. The severity of the pain has increased. At times, Plaintiff feels as though he is "being poked with a thousand needles" (Doc. 12, p. 5). At other times, the pain in his back and neck travels down his legs and arms, causing numbness. He now has trouble urinating. He also suffers from headaches.

Plaintiff sues Defendants Caldwell, Shicker, and Cameron for denying him adequate medical care for his back and neck (Doc. 12, p. 6). He seeks an order compelling the IDOC to provide Plaintiff with medical treatment. Plaintiff also requests an unspecified amount of monetary damages.

**Discussion**

After carefully considering the allegations, the Court finds that the amended complaint states a colorable Eighth Amendment medical needs claim (**Count 1**) against Defendants Caldwell and Shicker, but not Defendant Cameron, for denying Plaintiff adequate medical treatment for his back and neck injury. To establish an Eighth Amendment medical needs claim, Plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs. *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The amended complaint satisfies the objective prong of this test. The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The amended complaint alleges that Plaintiff needs spinal fusion surgery to treat his back and neck injury (Doc. 12, p. 5). According to the amended complaint, multiple medical providers, including Defendant Caldwell, agree that surgery is necessary. These allegations meet the threshold requirement for a "serious" medical need.

The amended complaint also satisfies the subjective component of an Eighth Amendment medical needs claim against Defendants Caldwell and Shicker, but not Defendant Cameron. To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a

"'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). With respect to Defendants Caldwell and Shicker, the amended complaint suggests that both individuals knew of and disregarded Plaintiff's need for spinal fusion surgery because it was not considered life-threatening. These allegations are sufficient to state an Eighth Amendment medical needs claim against both defendants at this early stage in litigation.

However, the amended complaint fails to state any claim for relief against Defendant Cameron. Beyond naming Defendant Cameron as an "additional defendant," the amended complaint does not mention this defendant in the statement of claim (Doc. 12, p. 2). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. Defendant Cameron cannot properly answer the amended complaint because it includes no specific allegations against this defendant. Accordingly, Defendant Cameron shall be dismissed from this action without prejudice.

Plaintiff seeks injunctive relief in the form of medical treatment. This request for injunctive relief is properly raised against Vandalia's warden, Defendant Dozier, whom Plaintiff previously named in the original complaint. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir.

2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement). Because Plaintiff seeks this form of relief, Defendant Dozier shall be reinstated as a defendant in this action. Plaintiff shall be allowed to proceed with Count 1 against Defendant Dozier, but only in his official capacity for injunctive relief.

In summary, Plaintiff shall be allowed to proceed with his Eighth Amendment medical needs claim (Count 1) against Defendants Caldwell and Shicker. He shall be allowed to proceed with his request for injunctive relief against Defendant Dozier, in his official capacity. However, Defendant Cameron shall be dismissed from this action without prejudice.

**Pending Motions**

Plaintiff has filed a motion for attorney representation (Doc. 5), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff has also filed a motion for status (Doc. 13), seeking to confirm that the Court received his amended complaint. Plaintiff's motion for status is **GRANTED**. The amended complaint (Doc. 12) has been received and is fully addressed in this Order.

**Disposition**

**IT IS HEREBY ORDERED** that Defendant **CAMERON** is **DISMISSED** without prejudice from this action.

The **CLERK** is **DIRECTED** to **REINSTATE** Defendant **DOZIER** as a defendant in this action, but only in his official capacity for purposes of Plaintiff's request for injunctive relief.

With respect to **COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS CALDWELL, SHICKER,** and **DOZIER**: (1) Form 5 (Notice of a Lawsuit and Request to

Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for

attorney representation (Doc. 5).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 28, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**