IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN E. OLCIKAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1119-NJR-DGW |
| ) | |
| REYNAL CALDWELL, LOUIS SHICKER, ) | |
| and JIM LUTH, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Jim Luth and Louis Shicker (Doc. 36) and the Motion for Summary Judgment filed by Reynal Caldwell (Doc. 39) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Brian E. Olcikas, filed this suit against Defendants Reynal Caldwell and Louis Shicker alleging they acted with deliberate indifference in denying Plaintiff adequate medical treatment for his back and neck injury. More specifically, Plaintiff asserts that when he arrived at Vandalia Correctional Center ("Vandalia") on May 3, 2013, he advised the medical staff that

he needed a spinal fusion surgery. Plaintiff saw Defendant Dr. Caldwell on May 20, 2013, who agreed that Plaintiff required spinal fusion surgery. Defendant Caldwell informed Plaintiff that Defendant Shicker's approval was required for the surgery and, on May 29, 2013, Plaintiff was informed by Defendant Caldwell that Defendant Shicker had denied the request for surgery. In his Complaint, Plaintiff seeks injunctive relief in the form of medical treatment. Accordingly, Defendant Jim Luth, Vandalia's warden, is named as a Defendant in this lawsuit only for purposes of carrying out injunctive relief, if necessary.

Plaintiff initially filed this suit on October 25, 2013 in the Northern District of Illinois. This case was subsequently transferred to the Southern District of Illinois on October 30, 2013, and Plaintiff's Complaint was dismissed without prejudice. Plaintiff filed his Amended Complaint (Doc. 12) on December 4, 2013.

Defendants Jim Luth and Louis Shicker filed a Motion for Summary Judgment on the Issue of Exhaustion on August 7, 2014 (Doc. 36). Defendants Luth and Shicker assert that Plaintiff failed to exhaust his administrative remedies prior to filing suit. More specifically, although Defendants acknowledge that Plaintiff filed at least one grievance concerning his medical treatment for his neck and back, they contend that the Administrative Review Board ("ARB") had not issued its final determination on this grievance prior to Plaintiff filing this suit.

Defendant Reynal Caldwell also filed a Motion for Summary Judgment on the Issue of Exhaustion on August 7, 2014 (Doc. 39). Defendant Caldwell contends that Plaintiff failed to exhaust his administrative remedies prior to filing this suit. Defendant Caldwell asserts that the grievance records from Vandalia contain only three relevant grievances, none of which were properly exhausted prior to the filing of this suit.

Based on a review of the grievances in the record, the Court finds that the following grievances are relevant to Plaintiff's claims and, as such, shall be discussed in further detail: (1) grievance dated May 10, 2013; (2) grievance dated June 9, 2013; (3) grievance dated July 11, 2013.

*May 10, 2013 Grievance*

On May 10, 2013, Plaintiff filed a grievance complaining of his back and neck pain and seeking a bottom bunk permit and spinal fusion surgery. Plaintiff writes that he was informed that he would not receive spinal fusion surgery while he was in prison although he is in extreme pain. This grievance was received by Plaintiff's counselor on May 13, 2013 and the counselor provided a response on the same date. Although Plaintiff asserts that this grievance was subsequently denied by the grievance officer and he appealed the denial to the ARB, Vandalia's grievance log does not reflect receipt of this grievance by the grievance officer (*See* Doc. 40-7, May 2013 Grievance Log). Moreover, Plaintiff's Vandalia trust fund ledger does not reflect a postage withdrawal within the timeframe allowed for an appeal to the ARB (*See* Doc. 40-8, Plaintiff's Vandalia Trust Fund Ledger).

*June 9, 2013 Grievance*

Plaintiff filed a grievance on June 9, 2013 complaining that Vandalia is not able to accommodate disabled prisoners, such as him. This grievance was reviewed by Plaintiff's counselor, as well as Vandalia's grievance officer and the warden. Upon receiving the warden's response on July 13, 2013, Plaintiff subsequently appealed this grievance to the ARB. The ARB received this grievance on July 11, 2013 and reached a decision on the merits on March 27, 2014. Although this grievance received a final determination by the ARB, Plaintiff had filed suit

prior to receiving notice of this decision. Moreover, this grievance does not mention Defendants Caldwell or Shicker, nor specifically complain of the medical treatment he was receiving for his back and neck.

*July 11, 2013 Grievance*

Plaintiff's grievance dated July 11, 2013 complains of treatment he received by "Dr. Ca" for his back and neck problems. Specifically, Plaintiff suggests that "Dr. Ca" has been treating him for his back and neck condition and has had no success in getting approval for his spinal fusion surgery. This grievance is clearly relevant to Plaintiff's claims in this suit against Dr. Caldwell and Louis Shicker. Plaintiff's counselor reviewed this complaint and responded on July 22, 2013. Plaintiff received a response to this complaint by the grievance officer on July 30, 2013, and the warden concurred in the grievance officer's opinion on July 31, 2013. This grievance was received by the ARB on August 5, 2013. The ARB responded on March 27, 2014, providing that "[b]ased on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration" (Doc. 37-3, p. 6).

In conjunction with the filing of their Motions, Defendants filed Rule 56 Notices, informing Plaintiff of the perils of failing to respond to their Motions for Summary Judgment within the proper timeframe (Docs. 38 and 41). Plaintiff's responses to Defendants' Motions were initially due on September 11, 2014. However, due to Plaintiff's failure to submit any responses, the Court extended the deadline, sua sponte, to October 17, 2014 (Doc. 44). In the Court's Order extending the response deadlines, the Court informed Plaintiff that his failure to file a response will result in the cancellation of the Pavey Hearing and an order on Defendants'

Motions for Summary Judgment. On October 21, 2014, Plaintiff informed the Court that he was recently paroled and living at a new address. In light of this circumstance, the Court again granted Plaintiff additional time to respond to Defendants' Motions, extending the deadline until December 5, 2014. Plaintiff was again warned that his failure to file a response will result in the cancellation of the Pavey Heairng and an order on Defendants' Motions for Summary Judgment (Doc. 45). The Court's Order was sent to Plaintiff's new address and the Court never received any indication that it was undeliverable. Plaintiff has not yet filed a response to either of Defendants' Motions.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving

party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the

Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency

basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(g). In this case, Plaintiff has not filed a response to either of the Defendants' Motions for Summary Judgment, although he was properly notified of his responsibility to do so, and was given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not

necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Plaintiff filed three grievances concerning his medical condition and/or medical treatment he received while incarcerated at Vandalia. Based on a review of the available evidence, it is apparent that the May 10, 2013 grievance is insufficient to establish exhaustion. First, the grievance does not directly complain of Defendant Caldwell or Defendant Shicker's treatment of his back and neck pain. Rather, the grievance concerns issues relating to Vandalia's issuance of various permits Plaintiff sought in order to alleviate some of his medical issues. Second, it appears that this grievance was neither sent, nor received by the ARB for consideration. As such, there was no final determination on this grievance on the merits. For these reasons, the May 10, 2013 grievance is insufficient to establish exhaustion for Plaintiff's claims in this lawsuit.

Plaintiff's June 9, 2013 grievance is similarly insufficient to establish exhaustion in this case. Again, this grievance does not reference either Defendant Caldwell or Defendant Shicker directly. Rather, in this grievance Plaintiff is complaining of the accommodations, or lack thereof, at Vandalia for disabled prisoners. Further, Plaintiff filed this suit prior to receiving the ARB's final determination on this grievance. Specifically, the ARB received this grievance on July 11, 2013 and issued its final determination on March 27, 2014. Plaintiff filed suit on December 4, 2013[1], less than five months after the ARB received this grievance. According to

---

[1] This action was initially filed in the Northern District of Illinois on October 25, 2013. It was subsequently transferred to this District on October 30, 2013 and the Complaint was dismissed without prejudice on November 22, 2013 (Doc. 11). Plaintiff filed his Amended Complaint in this action on December 4, 2013. Accordingly, for purposes of this Report and Recommendation, the Court is using the December 4, 2013 date as the date when this action was

the Illinois Administrative Code, the ARB shall make a final determination of the grievance "within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." ILL. ADMIN. CODE TIT. 20, § 504.850(f). Although the Court is mindful that the ARB did not issue its final determination for approximately eight and one-half months after its receipt, this is not an unreasonable amount of time for a grievance to be under review. Moreover, Plaintiff did not wait the requisite six months for the ARB to issue its determination prior to filing this suit. For these reasons, the June 9, 2013 grievance is insufficient to establish exhaustion for Plaintiff's claims in this lawsuit.

Plaintiff's July 11, 2013 grievance is most relevant to his claims in this suit. This grievance clearly references Defendant Caldwell and Defendant Shicker, though not necessarily by name. It articulates Plaintiff's claim that Defendants failed to provide him with the fusion surgery he believes he needs. Further, this grievance was processed through the institutional grievance procedure at Vandalia and was ultimately sent to the ARB for appeal. However, a review of the evidence establishes that Plaintiff filed this suit prematurely, as he did not wait for the ARB to issue its final determination prior to filing this lawsuit. More specifically, the ARB records indicate that this grievance was received on August 5, 2013. As mentioned above, pursuant to the Illinois Administrative Code, the ARB is directed to make a determination within six months of receiving the appealed grievance, when reasonably feasible. Accordingly, at the very least, Plaintiff should have waited until February 5, 2014 to file this suit. However, Plaintiff filed suit on December 4, 2013. The Court notes that the ARB took additional time to respond to this grievance and did not provide a determination until March 27, 2014, approximately eight

---

initiated against Defendants Shicker and Caldwell.

months after receiving the grievance. The Court finds that this is not necessarily relevant due to Plaintiff's premature filing of this suit. However, for purposes of clarification, the Court finds that the additional time the ARB took to respond was not unreasonable under the circumstances. Specifically, a review of the ARB's decision indicates that the ARB's investigation of this claim was involved and necessarily required a review of Plaintiff's medical records and other documentation relevant to his concerns. For these reasons, the Court finds that the July 11, 2013 grievance is insufficient to establish exhaustion for Plaintiff's claims in this lawsuit.

## RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Jim Luth and Louis Shicker (Doc. 36) and the Motion for Summary Judgment filed by Reynal Caldwell (Doc. 39) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust his administrative remedies prior to filing suit; that the action be **DISMISSED**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 18, 2014**

                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**