IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN E. OLCIKAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-1119-NJR-DGW |
| | ) |
| REYNAL CALDWELL, LOUIS SHICKER, and JIM LUTH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 48), which recommends that this Court grant Defendant Jim Luth's and Defendant Lois Shicker's Motion for Summary Judgment (Doc. 36) and grant Defendant Reynal Caldwell's Motion for Summary Judgment (Doc. 39). The Report and Recommendation was entered on December 18, 2014. No objections have been filed.

Plaintiff Brian Olcikas filed this case on October 25, 2013, in the Northern District of Illinois. It was subsequently transferred to this Court on October 30, 2013, and Plaintiff's Complaint was dismissed without prejudice. Plaintiff filed his Amended Complaint (Doc. 12) on December 4, 2013.

Plaintiff originally asserted that various defendants violated his constitutional rights while he was incarcerated at Vandalia Correctional Center. Plaintiffs' Eighth Amendment deliberate indifference claim against Defendants Caldwell and Shicker for

denying him adequate medical care for his back and neck survived threshold review (Doc. 14).[1]

On August 7, 2014, Defendant Dozier (now Defendant Luth) and Defendant Shicker filed a motion for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies before bringing suit (Doc. 36). Defendants assert that, although Plaintiff filed at least one grievance concerning his medical treatment for his neck and back, the Administrative Review Board ("ARB") had not issued its final determination on this grievance prior to Plaintiff filing this suit. Defendant Reynal Caldwell also filed a Motion for Summary Judgment on the issue of exhaustion on August 7, 2014 (Doc 39). Defendant Caldwell contends that the grievance records from Vandalia contain only three relevant grievances, none of which was properly exhausted prior to the filing of this suit.

Plaintiff has failed to respond to both motions for summary judgment, despite being warned on four occasions of the perils of failing to file a response to the motions for summary judgment (Docs. 38, 41, 44 & 45). Further, Magistrate Judge Wilkerson twice extended the response deadline, first to October 17, 2014, and then to December 1, 2014 (*See* Docs. 44 & 45). A response was never filed. Because Plaintiff never contested the issue of exhaustion, Magistrate Judge Wilkerson canceled the *Pavey* hearing that was scheduled for December 16, 2014 (Doc. 47).

On December 19, 2014, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 52). The Report and

---

[1] Because Plaintiff is seeking injunctive relief, the Court reinstated Defendant Warden Dozier as a defendant in the case for that purpose only. Defendant Luth subsequently took Defendant Dozier's place as warden (*See* Doc. 46).

Recommendation accurately states the nature of the evidence presented on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).   The Court may accept, reject or modify the magistrate judge's recommended decision.   *Harper*, 824 F. Supp. at 788.   In making this determination, the Court must look at all of the evidence contained in the record and give "fresh consideration to those issues to which specific objections have been made."  *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

Where neither timely nor specific objections to the Report and Recommendation are made, however, pursuant to 28 U.S.C. 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

Based on the evidence submitted by Defendants in support of their motions for summary judgment, it appears that Plaintiff has not exhausted his administrative remedies.  The Court agrees that the grievances filed on May 10, 2013, June 9, 2013, and July 11, 2013, are insufficient to establish exhaustion.  As to Plaintiff's grievance dated July 11, 2013 (the grievance that is relevant to Plaintiff's claims in this suit), Plaintiff

prematurely filed suit before the six-month timeframe had elapsed.  *See, e.g. Randle v. Corbitt*, No. 3:13-CV-01009-SMY-PMF, 2015 WL 720578, at *3 (S.D. Ill. Feb. 18, 2015) (finding that prisoner failed to exhaust when he filed suit prior to the end of the six month guideline for the ARB to respond); *Buie v. Lock*, No. 13-1157, 2014 WL 3925058, at *6 (C.D. Ill. Aug. 11, 2014) (same); *Love v. Hardy*, No. 12 C 8776, 2013 WL 3353920, at *2 (N.D. Ill. July 2, 2013) (same).   Further, Plaintiff has provided no evidence to dispute the evidence and assertions set forth in Defendants' motion for summary judgment, despite being given ample time and opportunity to do so and despite being warned that his failure to file a response to the motion for summary judgment may be considered an admission of the merits (*See* Docs. 38, 41).  Because it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, his claims against Defendants Caldwell, Shicker and Luth must be dismissed.

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 48), **GRANTS** Defendant Luth and Defendant Shicker's Motion for Summary Judgment (Doc. 36), and **GRANTS** Defendant Caldwell's Motion for Summary Judgment (Doc. 39).  Plaintiff's claims against Defendants Caldwell, Shicker and Luth are **DISMISSED without prejudice**.  The case is now closed, and the Clerk will enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   March 10, 2015**

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**
